Opinion filed November 15,
2012

 

                                                                       In The           

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00380-CV

                                                    __________

 

             TEXAS
DEPARTMENT OF PUBLIC SAFETY, Appellant

 

                                                             V.

 

                                          LUCAS
LANE, Appellee



 

                              On
Appeal from the County Court at Law No. 2

                                                            Taylor
County, Texas

                                                       Trial
Court Cause No. 5012

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The Texas Department of Public Safety appeals from the county
court’s judgment restoring Lucas Lane’s driving privileges.  In its judgment,
the county court reversed an administrative law judge’s decision that
authorized the Department to suspend Lane’s driver’s license based upon his
refusal to submit a breath specimen after he was arrested for driving while
intoxicated.  See Tex. Transp.
Code Ann. ch. 724 (West 2011 & Supp.
2012).  The county court found that the administrative law judge’s decision was
not supported by substantial evidence because the evidence “failed to set forth
facts sufficient to believe that the traffic offense of following to[o] closely
had occurred.”  We reverse and render.  

In
its sole issue on appeal, the Department argues that the county court erred in
holding that the administrative decision was not
supported by substantial evidence and that there was no reasonable suspicion to
stop Lane.  See Tex. Gov’t
Code Ann. § 2001.174(2) (West 2008) (scope of judicial review under the
substantial evidence rule).  The Department contends that the administrative
law judge correctly held that the officer had reasonable suspicion to stop Lane
for the traffic offense of driving too closely.  

When reviewing an
administrative license suspension decision, courts use a substantial evidence
standard of review.  Mireles v. Tex. Dep’t of Pub. Safety, 9 S.W.3d 128,
131 (Tex. 1999).  A court applying the substantial evidence standard of review
may not substitute its judgment for that of the agency.  Id.  The issue
before the reviewing court is not whether the agency’s decision is correct but,
rather, whether the record demonstrates
some reasonable basis for the agency’s action.  Id.  The reviewing court
must affirm administrative findings in a contested case if there is more than a
scintilla of evidence to support them—even if the evidence preponderates
against such findings.  Id.  Whether substantial evidence exists to
support an administrative law judge’s order is a question of law.  Tex. Dep’t
of Pub. Safety v. Alford, 209 S.W.3d 101, 103 (Tex. 2006).  

The administrative law judge
found that Officer Damien Hutchinson, of the Abilene Police Department, had reasonable
suspicion to stop Lane after observing Lane operate a silver Dodge Ram on Clack
Street, a public roadway, while following too closely behind another vehicle.  Officer
Hutchinson’s incident report was admitted into evidence at the administrative
hearing.  In his report, Officer Hutchinson indicated that Lane’s pickup “was
within two car lengths of the vehicle in front of him and then would catch up
to the vehicle and was well within one car length.”  Officer Hutchinson also
stated, “Then as the vehicle was turning[,] the driver of the pickup got very
close to the vehicle[,] well within five to ten feet of it as it turned.”  The
officer then initiated a traffic stop of Lane for the offense of following too
closely.  See Tex. Transp. Code
Ann. § 545.062(a) (West 2011).  Section 545.062(a) provides:

An
operator shall, if following another vehicle, maintain an assured clear
distance between the two vehicles so that, considering the speed of the
vehicles, traffic, and the conditions of the highway, the operator can safely
stop without colliding with the preceding vehicle or veering into another
vehicle, object, or person on or near the highway. 

Lane asserts that Officer
Hutchinson failed to articulate specific facts upon which the administrative law
judge could have found that the officer had a reasonable suspicion to stop Lane
for a traffic offense.  To support his contention, Lane relies upon the case of
Ford v. State, 158 S.W.3d 488 (Tex. Crim. App. 2005), which stemmed from
the denial of a motion to suppress in a criminal case.  The county court also expressly
relied upon the ruling in Ford when it determined that the Department “failed
to set forth facts sufficient to believe that the traffic offense of following
to[o] closely had occurred.”

In Ford, the Court of
Criminal Appeals stated the well-recognized principle that reasonable suspicion
exists if an officer has specific, articulable facts that, when combined with
rational inferences from those facts, would lead the officer to reasonably
conclude that a particular person is, has been, or soon will be engaged in
criminal activity.  158 S.W.3d at 492.  The Ford court held that an
officer’s testimony that the defendant was “following too close” constituted an
opinion, was conclusive in nature, and did not constitute “specific,
articulable facts” sufficient to provide a basis for finding reasonable
suspicion.  Id. at 493.  We find the present case to be distinguishable
from Ford.  

The evidence in the present
case includes more than a mere conclusion that Lane was following too closely. 
Officer Hutchinson stated some of the facts upon which he relied to form his
opinion that Lane was following too closely.  Officer Hutchinson specifically
stated that Lane’s pickup was within one car length of the vehicle in front of Lane
and that, when the vehicle in front of Lane turned, Lane’s pickup was within
five to ten feet of that vehicle.  Based upon the facts stated in Officer
Hutchinson’s report, the administrative law judge could reasonably have
determined that the officer had reasonable suspicion to stop Lane.  That
decision is supported by substantial evidence.  We hold that the record demonstrates
a reasonable basis for the agency’s action and that the county court erred in
holding otherwise.  The Department’s sole issue is sustained.  

We reverse the judgment of
the county court, and we render judgment in favor of the Department,
reinstating the decision of the administrative law judge. 

 

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

November 15,
2012

Panel consists of: Wright, C.J.,

McCall, J., and Gray, C.J., 10th
Court of Appeals.[1]









[1]Tom Gray, Chief Justice, Court of Appeals, 10th
District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.